UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LAVERE LEE-BRYANT #337291,

    Plaintiff,        Case No. 2:08-cv-138

v.               Honorable Robert Holmes Bell

JAMES BESEAU, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, P∪B. L. N∘. 104-134, 110 S⊤A⊤. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff Lavere Lee-Bryant #337291, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officer James Beseau, Sergeant Michael Robinson, Investigator Dan Durant, Hearing Officer Lori Jacobson, Administrator Richard Stapleton, Assistant Deputy Warden M. Perry, Resident Unit Manager T. Mackie, Assistant Deputy Warden Lyle Rutter, Resident Unit Manager Denise Gramm, Warden Jeri-Ann Sherry, Warden David Bergh, Manager James Armstrong and Parole Board Members Stephen DeBoer and Charles E. Braddock.

Plaintiff alleges that on September 15, 2005, Defendant Beseau opened a sealed letter in Plaintiff's cell while doing a room search. Defendant Beseau read the contents of the letter and wrote a major misconduct report on Plaintiff for threatening behavior:

> . . . I shook down cell R743. During this shakedown I found on prisoner Lee-Bryant's desk a hand written note . . . In the contents of this letter Lee Bryant stated he was going to kill an officer (police) . . . He further states the only thing that stopped him was the location he was in made [sic] it likely he would get caught. Lee-Bryant's signature was on the letter . . . It should be further noted that this letter was being sent to prisoner Lee-Bryant's sister.

(*See* Plaintiff's complaint, ¶ 3.)

After examining the letter, Defendant Robinson ordered that Plaintiff be placed in segregation. Plaintiff was interviewed on the misconduct by Defendant Durant for approximately three minutes. Defendant Durant subsequently lied to Defendant Jacobson and stated that Plaintiff had refused a hearing investigator. Plaintiff received a misconduct hearing on September 21, 2005, during which Defendant Jacobson found Plaintiff guilty. Defendant Jacobson stated that Plaintiff

had threatened staff in the letter and that Plaintiff was aware that his cell and its contents were subject to search, and that staff could view the contents of such a letter. Defendant Jacobson sentenced Plaintiff to 30 days of detention and loss of privileges, as well as the loss of 15 days of disciplinary time. In addition, a copy of the misconduct ticket and hearing report was forwarded to the Parole Board. Defendant Stapleton denied Plaintiff's request for a rehearing.

Plaintiff states that on September 29, 2005, Defendants Perry and Mackie assigned Plaintiff to administrative segregation and recommended that he be transferred to a level V security prison. On October 26, 2005, Plaintiff was sent to the Alger Maximum Correctional Facility (LMF). On October 28, 2005, Defendants Rutter and Gramm confined Plaintiff in administrative segregation, stating that he could not be managed in level V general population. Plaintiff was reclassified to general population on April 2, 2006. On May 24, 2006, Defendant Rutter instructed his subordinates to delay further security level reduction in order to monitor Plaintiff's adjustment. On October 3, 2005, Defendants Braddock and DeBoer denied Plaintiff parole, in part, because of the misconduct conviction.

Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth, Thirteenth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that the reading of his letter to his sister violates his First Amendment right to freedom of association. The undersigned notes that the Sixth Circuit has not decided the degree to which prison inmates retain their freedom of association. *Long v. Norris*, 929 F.2d 1111, 1118 (6th Cir.), *cert. denied*, 502 U.S. 863 (1991). However, other courts have held that an inmate's right to mail letters to his family or friends is not absolute, and that a prisoner has no more right to free postal service than does the ordinary citizen. *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972); *Williams v. Ward*, 404 F. Supp. 170, 172 (S.D. N.Y. 1975); *Chiarello v. Bohlinger*, 391 F. Supp. 1153, 1154 (S.D. N.Y. 1975), *aff'd*, 573 F.2d 1288 (1978). In addition, a court in the Eastern District of Michigan recently held that "no right of freedom of association exists for prisoners." *Bazzetta v. McGinnis*, 902 F. Supp. 765, 770 (E.D. Mich. 1995), *aff'd*, 124 F.3d 774 (6th Cir. 1997), *supp. by*, 133 F.3d 382 (6th Cir. 1998), *cert. denied*, 524 U.S. 953 (1998). In the opinion of the undersigned, any limited right of freedom of association Plaintiff might retain while incarcerated was not violated by the alleged actions of the named Defendants in this case.

As noted above, Plaintiff claims that Defendants violated his due process rights with regard to his major misconduct conviction. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or

Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit recently explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the ... procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Plaintiff claims that he was falsely convicted of the major misconduct conviction. Therefore, his claim necessarily implies the invalidity of the punishment imposed so that the *Heck-Edwards* bar applies.

In addition, Plaintiff's equal protection claim is entirely conclusory and is properly dismissed for lack of merit. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws,"

which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

Plaintiff also claims that Defendants' conduct violated the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In the opinion of the undersigned, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation.

Plaintiff claims that Defendants Braddock and DeBoer improperly denied him parole due to misconduct convictions. Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts

of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

Finally, Plaintiff claims that the conduct of Defendants Braddock and DeBoer in denying him parole constitutes involuntary servitude in violation of the Thirteenth Amendment. However, compelling prisoners to work does not violate the Thirteenth Amendment. *Ray v. Mabry*, 556 F.2d 881 (8th Cir. 1977). Therefore, the mere denial of parole is not sufficient to constitute involuntary servitude.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).