UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAVERE LEE-BRYANT #337291,

        Plaintiff,

                                                   File No. 2:08-CV-138

v.

                                                   HON. ROBERT HOLMES BELL

JAMES BESEAU, et al.,

        Defendants.
                                           /

**O P I N I O N**

        This matter is before the Court on Plaintiff Lavere Lee-Bryant's objections (Dkt. No. 4) to the Magistrate Judge's August 11, 2008, Report and Recommendation ("R&R") (Dkt. No. 3) recommending that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim.

        This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

        Plaintiff's first objection is based on his contention that, contrary to the statements in the R&R, his First Amendment claim was based not only on Defendants' reading his letter, but also on their opening, confiscating, refusing to mail, and refusing to return the letter, without cause or authorization.

Although prisoners have a First Amendment right to send mail, *Hudson v. Palmer*, 468 U.S. 517, 547 (1984), a restriction on this right is valid if it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). It has long been recognized that prisoners' outgoing mail may be screened in the interest of prison security. *See Procunier v. Martinez*, 416 U.S. 396, 412-13 (1974) (recognizing that "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence," including censorship and refusal to send letters regarding proposed criminal activity). In this case Plaintiff is not complaining about the opening of legal mail. Accordingly, even if Plaintiff's complaint is construed to include additional allegations of opening, confiscating, refusing to mail, and refusing to return the letter, the Court agrees that Plaintiff's First Amendment rights were not violated by Defendants' alleged actions.

Plaintiff's second objection is based on his contention that the Magistrate Judge erroneously concluded that Plaintiff's due process claim is subject to the *Heck* bar. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff contends that his due process challenge regarding his major misconduct conviction has no implication on the duration of his underlying sentence because his underlying conviction is based on a violation of Mich. Comp. Laws § 750.84, and that he is accordingly subject to disciplinary time pursuant to Mich. Comp. Laws § 800.34, and is not entitled to good time or disciplinary credit pursuant to Mich. Comp. Laws § 800.33. Although this fact was not apparent on the face of Plaintiff's

2

complaint, the Court takes judicial notice of the nature of Plaintiff's underlying conviction, and agrees, based upon this conviction, that Plaintiff would not be entitled to disciplinary credit. *See People v. Tyrpin*, 710 N.W.2d 260, 262 (Mich. App. 2005) (holding that a prisoner subject to disciplinary time is not eligible for disciplinary credit).

The *Heck* line of cases, taken together, indicate that

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). For purposes of the *Heck* bar, the confinement at issue is the confinement on the underlying conviction rather than the disciplinary confinement. *Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004).

The accumulation of disciplinary time is a factor considered by the parole board, but the elimination of disciplinary time would not necessarily result in a shorter confinement. Accordingly, because Plaintiff's success in this action would not necessarily demonstrate the invalidity of his confinement or its duration, the Court agrees with Plaintiff that his due process claim does not fall within the *Heck* bar.

The Court nevertheless finds that Plaintiff has failed to state a due process claim. Plaintiff alleges that Defendants violated his due process rights with regard to his major misconduct conviction. In order to state a due process claim Plaintiff must allege the deprivation of a federally cognizable liberty or property interest. Plaintiff has not alleged the deprivation of a property interest, and neither placement in administrative segregation nor

3

denial of parole implicates a liberty interest. *See McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) ("A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" ); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that placement in segregation does not constitute an "atypical and significant" hardship implicating a protected liberty interest); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc) (holding that Michigan's parole scheme creates no liberty interest in being released on parole); *Williams v. Vidor*, 67 F. App'x 857, 859 (6th Cir. 2003) ("The denial of parole is a collateral consequence of a prison disciplinary conviction and does not create a liberty interest.").

Moreover, even if Plaintiff did have a protected liberty or property interest, Plaintiff's allegations indicate that he received the process he was due, including notice, a hearing, an opportunity to present evidence, and a written statement of the reasons for the disciplinary decision. *See Wolff v. McDonnell*, 418 U.S. 539, 555-74 (1974) (outlining process due). Although Plaintiff complains that his misconduct conviction was based upon false evidence, "a prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.")). Moreover, the Due Process Clause does not guarantee that the procedure will produce a correct decision. *Zinermon v. Burch*, 494 U.S.

4

113, 125 (1990).

Plaintiff's third objection is to the recommendation that his equal protection claim be dismissed because it is entirely conclusory. Plaintiff contends that he has adequately alleged that he is a prisoner and that he was denied the protections of Mich. Comp. Laws § 791.251(2)(a). Contrary to Plaintiff's assertions, these allegations are not sufficient to state an equal protection claim. *See Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006) (holding that to establish an equal protection claim a plaintiff must demonstrate that he was treated "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis."). Plaintiff has not alleged that he was treated disparately as compared to any similarly situated persons.

Plaintiff's fourth objection is to the finding that he has no liberty interest in parole. Plaintiff contends that he is not claiming a right to parole, but a liberty interest to be free from involuntary servitude based on false process. These contentions are fully and properly addressed in the R&R.

Finally, Plaintiff objects to the recommendations that dismissal of this action count as a strike for purposes of 28 U.S.C. § 1915(g) and that no good faith basis for appeal be found. The Court agrees with the Magistrate Judge's recommendations.

Plaintiff has also filed a motion to amend his complaint. "[A] plaintiff in a case covered by the PLRA [Prison Litigation Reform Act] may not amend his complaint to avoid a *sua sponte* dismissal." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (citing *McGore*

5

*v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)).

    For the reasons stated the Court will adopt the R&R and dismiss the complaint. An order consistent with this opinion will be entered.


Date:   April 8, 2009                       /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE